UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATOYA J. HARRIS,<br><br>                              Plaintiff,<br><br>   -against-<br><br>SONY ENTERTAINMENT; 50 CENT; DR. DRE; OPRAH WINFREY; MICHAEL JORDAN; SEAN CARTER (JAY Z); P. DIDDY; SALT N' PEPA; WENDY WILLIAMS; MARIAH CAREY; JERMAINE DUPRI; TONI BRAXTON,<br><br>                              Defendants. | 20-CV-6833 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action against numerous celebrities, alleging that during the past three decades, they have stolen her ideas and her identity. By order dated September 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Latoya Harris brings this complaint against a wide range of celebrities, including basketball player Michael Jordan, musicians Mariah Carey, Toni Braxton, Sean Carter, P. Diddy, and 50 Cent, and media executive Oprah Winfrey. Plaintiff contends that her claims arose from 1984 to the present, and she makes the following allegations:

> [They] are using my material within the industry to gain earnings for the[ir] career are making movies, songs and other things, and to do a defamation of character and talk about me within a business whereas they are gaining earning. They have been stealing information from me. Identity thiefing me thur a said person who they knew thru Fabulous the Rapper from Breevort Houses in Brooklyn, New York. The persons mention[ed] are gaining earnings of my material and are not paying me at all.

(ECF 2 at 6.)

Plaintiff alleges that as a result of Defendants' actions, she has suffered "sexual harassment, defamation of character, abuse from the case itself and suffered injuries to me and my child." (*Id.* at 7.)[1]

---

[1] Plaintiff has a pending action against the Administration for Children's Services, under docket number 20-CV-6832; that action was filed the same day that she filed this complaint.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 17, 2020
        New York, New York

                                                          _____
                                                          COLLEEN McMAHON
                                                          Chief United States District Judge